# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JEFFERY L. ANDERSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:23-CV-00201 SNLJ |
| JOSEPH T. HERNANDEZ, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Jeffery Anderson's motion for appointment of counsel and for "assistance in locating Amy Johnson" so that he may effectuate service on this defendant. [ECF Nos. 34 and 37]. The Court will first review plaintiff's motion for assistance in locating defendant Amy Johnson.

### A. Plaintiff's Motion "for Assistance in Locating Amy Johnson"

Before delving into plaintiff's request "for assistance in locating Amy Johnson," the Court will review the procedural background in this action. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 30, 2023. [ECF No. 1]. He filed this action against three defendants: Joseph Telker-Hernandez, a Counselor, Amy Johnson, a Jail Administrator and Wes Drury, a Sheriff. The Court reviewed plaintiff's complaint and supplemental documents on June 18, 2024, and dismissed plaintiff's official capacity claims against defendants, as well as all claims against defendant Telker-Hernandez. [ECF No. 9]. Plaintiff's claims brought under the First Amendment for a violation of his access to courts were also dismissed. *Id.* The Court additionally dismissed plaintiff's claims for deliberate indifference to his serious medical needs, in violation of the Fourteenth Amendment, against defendants Amy Johnson and Wes Drury, relating to his

allegations that he failed to receive treatment at Scott County Jail between the dates January 15, 2019, and January 28, 2019. *Id.* However, the Court issued process as to defendants Wes Drury and Amy Johnson, in their individual capacities, as to plaintiff's claims that defendants Wes Drury and Amy Johnson were deliberately indifferent to his serious medical needs when they failed to give him his prescribed medication after February 4, 2019, at Scott County Jail. *Id.*

Summons was executed on defendant Wes Drury, and he filed an answer to the complaint on August 9, 2024. *See* ECF Nos. 15 and 23. However, summons was returned unexecuted on Jail Administrator Amy Johnson because she was no longer employed by Scott County. *See* ECF No. 14. On August 13, 2024, the Court ordered counsel for Wes Drury to provide the last known home address for Amy Johnson so that the Court could attempt service on Ms. Johnson. [ECF No. 24]. And on August 19, 2024, the Court issued alias summons at the last known home address. [ECF Nos. 27 and 28]. Summons on Ms. Johnson, however, was returned unexecuted on August 29, 2024, with a notation by the Marshal's Service indicating that the address provided "does not exist numerically."

On September 3, 2024, the Court issued a show cause Order pursuant to Federal Rule of Civil Procedure 4(m) requiring plaintiff to provide an address at which service could be effectuated on defendant Johnson. [ECF No. 30]. On September 16, 2024, plaintiff sought an extension of time to do so, which this Court granted on September 17, 2024. [ECF Nos. 31 and 33]. Plaintiff's response to the Court is currently due no later than October 25, 2024. Nonetheless, he currently seeks "assistance in locating Amy Johnson," asserting that he has no access to resources to find her current address because he is incarcerated.

"While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it [is the plaintiff's] responsibility to provide proper addresses for service on

2

[defendants]." *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam). "[A] plaintiff bears the burden of providing proper service information[.]" *Beyer v. Pulaski Cnty. Jail*, 589 F. App'x 798, 799 (8th Cir. 2014) (per curiam) (citation omitted).

In *Beyer,* the United States Court of Appeals for the Eighth Circuit considered whether the district court has abused its discretion in dismissing without prejudice a pro se prisoner's § 1983 action under Federal Rule of Civil Procedure 4(m). After the district court granted Beyer's motion to proceed in forma pauperis, the Marshal's Service attempted to serve the defendant, a correctional officer, at the jail where the alleged excessive force had taken place. The Marshal's Service was unable to serve the correctional officer because the officer was no longer employed at the jail. When Beyer was unable to provide an address at which the correctional officer could be served, the action was dismissed without prejudice for failure to prosecute. Beyer contended that he was in administrative segregation at another prison, had no access to a law library, and his friends and family were unable to assist him in locating the former correctional officer. Beyer also alleged that the jail at which the correctional officer was employed should have information that would assist the Marshal's Service in locating her, including alternative contact information she provided while employed there. The Eighth Circuit held that in these circumstances that district court had abused its discretion in dismissing the action and directed the district court to order the Marshal's Service to seek the correctional officer's last known contact information, including any alternative contact information, from the jail and to re-attempt to serve her.

In this case, the Court has already attempted to seek Ms. Johnson's former address, albeit it appears that the former address was not one that matched a proper postal address. In most cases, this would suffice as taking enough steps as those set forth by the Eighth Circuit in *Beyer* that a district court should have the Marshal's Service undertake. However, the Court recognizes that

3

because the former address did not match with a proper postal address, there are unique circumstances in this case that require the Court to have the Marshal's Service go a step further. Thus, the Court will grant, in part, plaintiff's motion for assistance with service.

If the Marshal's Service has access to a database or other information sources that are not unduly burdensome, time consuming, or unduly expensive that can be searched, and which may reveal an address or other alternative contact information for Amy Johnson, that could assist the Marshal's Service in serving Ms. Johnson, the Court directs the Marshal's Service to search such sources in an attempt to locate Ms. Johnson. However, this Court is aware of no authority that provides that a pro se litigant who has been granted leave to proceed in forma pauperis is not required to comply with Federal Rule of Civil Procedure 4(e) because the litigant is unable to provide a valid address for serving one or more defendants. Thus, if the Marshal's Service is unable to find an address at which Amy Johnson can be served, the Court has no choice but to dismiss her from this lawsuit pursuant to Federal Rule of Civil Procedure 4(m).

### B. Plaintiff's Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. [ECF No. 34]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors

4

such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex, and discovery has not yet commenced in this action. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel and for "assistance in locating Amy Johnson" [ECF No. 37] is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** the Marshal's Service use reasonable efforts, employing reasonably available investigative methods, that are not unduly burdensome, time consuming, or unreasonably expensive to attempt to locate defendant Amy Johnson, former Jail Administrator at Scott County Jail. After the Marshal's Service complies with this Order, the Marshal's Service should notify the Clerk of Court and provide to the Clerk of Court, if applicable, an address at which the Marshal's Service believes Amy Johnson may be served. After the Marshal's Service notifies the Clerk of Court, the Court, if appropriate, will issue a further Order, including an Order for service of pluries summons. If the Marshal's Service cannot find an address for Amy Johnson, the Court will issue an Order dismissing Amy Johnson pursuant to Federal Rule of Civil Procedure 4(m).

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel [ECF No. 34] is **DENIED at this time.**

IT IS FURTHER ORDERED that an appeal of this Order would not be taken in good faith.

Dated this _10th_ day of October, 2024.

_____
STEPHEN N. LIMBAUGH, JR
SENIOR UNITED STATES DISTRICT JUDGE