UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JEFFERY L. ANDERSON,          )
                              )
            Plaintiff,        )
                              )
v.                            )          Case No. 1:23-cv-00201-SNLJ
                              )
JOSEPH T. HERNANDEZ, *et al.*,)
                              )
            Defendants.       )

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Jeffery Anderson, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 claiming that defendants Wes Drury and Amy Johnson exhibited deliberate indifference to his serious medical needs while he was a pretrial detainee at the Scott County Jail in Benton, Missouri. [Doc. 1]. This matter is now before the Court on defendants' motion for summary judgment on the affirmative defenses of failure to exhaust administrative remedies and qualified immunity. [Doc. 57]. The motion is fully briefed. For the reasons set forth below, the motion is denied on the affirmative defense of failure to exhaust administrative remedies, and a ruling on the affirmative defense of qualified immunity is deferred until the exhaustion issue is resolved.

## I.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Material facts are those that "might affect the outcome of the suit under the governing law," and there is

a genuine dispute where "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court must view "the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party." *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986) (cleaned up). The burden then shifts to the nonmoving party to "present specific evidence, beyond mere denials or allegations that raise a genuine issue for trial." *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (cleaned up). In asserting a factual dispute, the nonmoving party "must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED.R.CIV.P. 56(c)(1). Similarly, Local Rule 4.01 requires:

> Every memorandum in opposition must be accompanied by a document titled Response to Statement of Material Facts, which must be separately filed using the filing event "Response to Statement of Material Facts." The Response must set forth each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts. All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for

purposes of summary judgment unless specifically controverted by the opposing party.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Following screening of plaintiff's complaint under 28 U.S.C. § 1915A, he is proceeding on a claim that defendants were deliberately indifferent to his serious medical needs by delaying the administration of his psychotropic medication from February 4 to February 19, 2019.  [Docs. 1, 9].  After completing discovery, defendants filed the instant motion, arguing that plaintiff failed to exhaust available administrative remedies before filing this lawsuit, rendering his claims barred under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  [Doc. 57].  In response, plaintiff claims the grievance process was unavailable to him because he was not receiving his psychotropic medication and was therefore mentally unstable.  [Doc. 61].

Defendants further contend that they are entitled to qualified immunity on plaintiff's deliberate indifference claim because (1) plaintiff cannot establish that they were involved in the alleged delay in administering his psychotropic medication, and (2) plaintiff has not produced verifiable medical evidence showing a detrimental effect resulting from the purported delay.  [Docs. 57, 58].  In response, plaintiff states that he asked for help with his psychiatric issues, but the "people responsible" failed to ensure that he received his medication.  [Doc. 61].

Defendants filed a statement of facts that complies with Rule 56 and Local Rule 4.01.  [Doc. 59].  Plaintiff, however, did not respond to defendants' statement of facts. [Doc. 61].  Plaintiff's status as a *pro se* litigant does not excuse him from complying with

the Federal Rules of Civil Procedure and this Court's local rules.  *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001).  The Court has carefully examined defendants' evidence[1] and confirmed that their statements of fact have evidentiary support.  Because plaintiff failed to respond to defendants' statement of facts, the facts are deemed admitted.

> The Scott County Sheriff's Office had a Jail Policy and Procedure Manual that set forth a mandatory grievance procedure, which was in effect in February 2019. [Docs. 59 at ¶¶ 1, 2; 59-2; 59-3].

> In February 2019, an inmate could submit a grievance either through a kiosk or by filling out a complaint form.  [Docs. 59 at ¶ 3; 59-3].

> Upon request, an inmate could access a kiosk to submit a grievance.  [Docs. 59 at ¶ 4; 59-3].

> Plaintiff had "no idea" regarding whether Scott County had a grievance procedure in that timeframe.  [Doc. 59 at ¶ 5].

> Plaintiff did not know he could submit a grievance on a kiosk.  [*Id.* at ¶ 6].

> Plaintiff did not file a grievance.  [*Id.* at ¶¶ 7, 8].

> Plaintiff did not have personal knowledge regarding what Amy Johnson or Sheriff Wes Drury did or did not do with respect to the alleged delay of medication.  [*Id.* at ¶ 9].

> Plaintiff received the disputed medications on or after February 19, 2019.  [*Id.* at ¶ 10].

> Plaintiff did not see any doctor who could diagnose him or otherwise give an opinion with respect to whether there was any detrimental effect to his health based on his complaint that he did not receive the medications.  [*Id.* at ¶ 11].

---

[1] Defendants supported their statement of uncontroverted material facts with excerpts from plaintiff's deposition [Ex. A at Doc. 59-1], a copy of the Jail Policy and Procedure Manual [Ex. B at Doc. 59-2], affidavit testimony of defendant Drury [Ex. C at Doc. 59-3], and a medication administration record [Ex. D at Doc. 59-4].

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

The Court first considers defendants' argument that they are entitled to summary judgment because plaintiff failed to exhaust administrative remedies prior to filing this lawsuit.  The Prison Litigation Reform Act (PLRA) requires prisoners, including pretrial detainees, to exhaust all available administrative remedies before filing a federal lawsuit regarding prison conditions.  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Failure to exhaust is an affirmative defense; consequently, the burden of proof rests with the defendant.  *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015).

To properly exhaust available administrative remedies, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines."  *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  If a court determines that a prisoner did not exhaust administrative remedies before filing, a dismissal without prejudice is mandatory.  *Porter*, 781 F.3d at 452; *see also Ross v. Blake*, 578 U.S. 632, 639 (2016) ("a court may not excuse a failure to exhaust" under the PLRA).

"The exhaustion requirement hinges on the availability of administrative remedies."  *Ross*, 578 U.S. at 633 (cleaned up).  As a result, a court must determine what administrative remedies were available.  *Smith v. Andrews*, 75 F.4th 805, 809 (8th Cir. 2023).  "The availability of a remedy, according to the Supreme Court, is about more than just whether an administrative procedure is on the books."  *Townsend v. Murphy*,

5

898 F.3d 780, 783 (8th Cir. 2018) (cleaned up).  Whether a remedy is available is a fact-specific inquiry that generally considers, among other factors, "whether [the] procedures [were] knowable by an ordinary prisoner in [plaintiff's] situation" or whether the "system [was] so confusing that no such inmate could make use of it."[2]  *Ross*, 578 U.S. at 648.

The Supreme Court has recognized at least three circumstances where an administrative remedy is not capable of use and, therefore, unavailable: (1) where "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) if the procedure is "so opaque that it becomes, practically speaking, incapable of use," i.e. "no ordinary prisoner can discern or navigate it;" and (3) when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id.* at 643-44.  Additionally, the Eighth Circuit has held that "an administrative remedy is unavailable to an inmate under the PLRA when (1) the inmate was unable to file a timely grievance due to physical or mental incapacity; and (2) the administrative system's rules do not accommodate the condition by allowing a late filing."  *Perry v. Precythe*, 121 F.4th 711, 714 (8th Cir. 2024).

The undisputed facts establish that the jail had a formal grievance process that required inmates to submit grievances either through a kiosk or by completing a complaint form.  It is also undisputed that plaintiff did not file a grievance regarding the

---

[2] When a prisoner is aware that a grievance procedure exists, the prisoner's subjective beliefs or lack of awareness of the institutional process are not factors in determining whether administrative remedies are available.  *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

claim in this lawsuit.  Therefore, unless the grievance process was unavailable, plaintiff's claim is barred by the PLRA.

Plaintiff testified in his deposition that he did not know the jail had a grievance procedure.  [Doc. 59-1, Ex. A at 68:25-70:17].  He also testified that, even if he had been aware of the procedure, he would not have been able to file a grievance due to his mental instability.  [*Id.* at 69:17-22].  This testimony is sufficient to create a genuine issue of material fact about the availability of the grievance process.  As a result, defendants are not entitled to summary judgment based on failure to exhaust administrative remedies.

## B.  Qualified Immunity

Defendants argue they are entitled to summary judgment on the affirmative defense of qualified immunity.  The availability of qualified immunity depends on the answer to two questions:  (1) did the defendant violate a constitutional right, and (2) was the right clearly established at the time of the challenged conduct.  *Dean v. Bearden*, 79 F.4th 986, 988 (8th Cir. 2023).  "Unless both of these questions are answered affirmatively, [a defendant] is entitled to qualified immunity."  *Burns v. Cole*, 18 F.4th 1003, 1007 (8th Cir. 2021).

### *1.  42 U.S.C. § 1983*

Defendants contend that plaintiff cannot establish that they were involved in the alleged delay of administration of his psychotropic medication.  A claim under § 1983 requires proof that each defendant "personally violated the plaintiff's constitutional rights."  *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("liability under § 1983 requires a causal

link to, and direct responsibility for, the deprivation of rights"). "[A] general responsibility for supervising the operations of a prison [or jail] is insufficient to establish the personal involvement required to support liability" under § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Instead, plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Jones v. City of St. Louis*, 104 F.4th 1043, 1050 (8th Cir. 2024).

"In the section 1983 context, supervisor liability is limited." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). "[A] supervisor incurs liability for [a constitutional violation] when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." *Boyd*, 47 F.3d at 968. "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see." *Id.*

Defendants rely on plaintiff's deposition testimony on this issue. Plaintiff testified that he filed this lawsuit against the defendants ***solely*** because of their supervisory roles as sheriff and jail administrator. [Doc. 59-1, Ex. A at 83:8-18, 126:12-23]. He also testified that he did not communicate with either defendant during the relevant time. [*Id.* at 70:18-71:8, 71:9–20; 110:6-15]. Further, he testified that he was unaware of any personal knowledge or involvement by defendants in the alleged delay of his medication. [*Id.* at 80:6–81:10, 83:15-18].

### 2. *Deliberate Indifference*

Defendants assert that plaintiff has not produced verifiable medical evidence

8

showing a detrimental effect of the alleged delay in administration of his psychotropic medication. "Prisoners and pretrial detainees are protected under the Constitution from a state actor's deliberate indifference towards the inmate's serious medical needs." *Corwin v. City of Independence*, 829 F.3d 695, 698 (8th Cir. 2016). "A pretrial detainee's deliberate indifference claim is governed by the Fourteenth Amendment." *Smith v. Lisenbe*, 73 F.4th 596, 600 (8th Cir. 2023) (cleaned up). "To succeed on a Fourteenth Amendment deliberate indifference claim, a plaintiff must demonstrate that [he] had an objectively serious medical need that the defendants knew of and yet deliberately disregarded." *Id.* (cleaned up).

Deliberate indifference may include "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A failure to provide medical treatment is not a constitutional violation unless the official knew that the condition created an excessive risk to the prisoner's health and then failed to act on that knowledge. *Coleman v. Rahija*, 114 F.3d 778, 785 (8th Cir. 1997). "It is not enough merely to find that a reasonable person would have known about the risk, or that the officer should have known about the risk." *Corwin*, 829 F.3d at 699 (cleaned up). A prisoner must show that the official was actually aware of the serious medical need but deliberately disregarded it. *Id.*

When a deliberate indifference claim is based on an alleged delay in medical treatment, "there is an additional requirement to place verifying medical evidence in the record to show there was a detrimental effect caused by the delay." *Cheeks v. Belmar*, 80 F.4th 872, 878 (8th Cir. 2023). "[F]ailure to place verifying medical evidence in the

record to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs." *Id.*; *see also Hancock v. Arnott*, 39 F.4th 482, 487 (8th Cir. 2022) (concluding that the plaintiff's failure to establish the detrimental effect of the delay through medical evidence was fatal to his claim); *Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016) (finding that the plaintiff could not show deliberate indifference because he failed to provide verified medical evidence establishing the detrimental effect of the delay in treatment).

Defendants point out the plaintiff acknowledged during his deposition that he did not consult any medical provider who could diagnose him or offer an opinion on whether missing his psychotropic medication for a period of fifteen days had any detrimental effect on his health.  They contend, therefore, that plaintiff cannot establish a constitutional violation and they are entitled to qualified immunity.  However, until the matter of exhaustion is resolved, the Court cannot render a decision on the defendants' motion on the merits.  *See Benjamin v. Ward County*, 632 F. App'x 301 (2016) (holding that the district court erred by proceeding to the merits without first determining whether the plaintiff had exhausted available administrative remedies); *Pinder v. McDowell*, 714 F. App'x 612 (2018) (vacating judgment on the merits and remanding for district court to determine whether plaintiff had exhausted available administrative remedies); *Lyon v. Vande Krol*, 305 F.3d 806, 806-09 (8th Cir. 2002) (en banc) (reversing jury verdict in favor of plaintiff and remanding for dismissal under 42 U.S.C. § 1997e(a) because plaintiff had failed to exhaust administrative remedies).

### 3. *Further proceedings*

The Court must determine whether the disputed facts related to defendants' affirmative defense of failure to exhaust administrative remedies should be determined by the Court or a jury.  Seven circuits have held that such disputed facts should be decided by the court.  *See Lee v. Willey*, 789 F.3d 673 (6th Cir. 2015) (collecting cases and agreeing with the Second, Third, Fifth, Seventh, Ninth, and Eleventh Circuits that the court may resolve factual disputes relevant to the exhaustion issue); *Carbajal v. McCann*, 808 F. App'x 620, 639 (10th Cir. 2020) ("Every circuit that has considered the issue agrees that "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury.").  In unpublished per curiam opinions, the Eighth Circuit has seemingly affirmed this position and approved the use of evidentiary hearings on the issue of exhaustion of administrative remedies.  *See Walther v. Habtermariam*, No. 22-2764, 2023 WL 179889, at *1 (8th Cir. Jan. 13, 2023) (affirming dismissal for failure to exhaust administrative remedies by district court following an evidentiary hearing); *Boyd v. Rechcigl*, 790 F. App'x 53 (8th Cir. 2020) (citing *Lee*, 789 F.3d at 677) (same); *Martinez v. Fields*, 627 F. App'x 573, 574 (8th Cir. 2015) (reversing dismissal for failure to exhaust administrative remedies by district court following an evidentiary hearing). Additionally, judges in this district have held that disputed issues of fact on exhaustion may be determined by the court following an evidentiary hearing.  *See, e.g. Marsh v. Reckert*, 4:23-cv-00128-SPM, 2025 WL 1928608 (E.D. Mo. July 14, 2025) (finding the disputed facts relevant to the exhaustion issue can be decided by the court at an evidentiary hearing prior to a jury trial); *Covington v. Stuckey-Parchmon*, 4:18-cv-01667-

11

SEP, 2021 WL 3856554 (E.D. Mo. Aug. 27, 2021) (ruling on the issue of exhaustion of administrative remedies following an evidentiary hearing); *Walther v. Habtemariam*, 4:17-cv-2705-SPM, 2022 WL 2915566 (E.D. Mo. July 25, 2022) (same).

However, not all factual disputes on exhaustion may be decided by the court.  The Supreme Court recently held that where the issue of exhaustion of administrative remedies under the PLRA is intertwined with the merits of the underlying suit, the parties are entitled to a jury trial on exhaustion.  *Perttu v. Richards*, 605 U.S. 460, 479 (2025). In other words, a jury trial is required when resolution of the exhaustion issue would also resolve a genuine dispute of material fact regarding the merits of the plaintiff 's substantive claim.  *Id.* at 467-68.

If defendants wish to pursue the affirmative defense of failure to exhaust administrative remedies, they must notify the Court and submit a brief on *Perttu* and the possibility of intertwinement in this case.  If defendants choose to waive the issue of exhaustion, they shall file a notice withdrawing the affirmative defense.  The Court will then rule on the motion for summary judgment on the claim of qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment is **DENIED** on the issue of failure to exhaust administrative remedies because there is a genuine issue of material fact about the availability of the grievance process.

**IT IS FURTHER ORDERED** that a ruling on the motion for summary judgment on qualified immunity is **DEFERRED** until the issue of exhaustion is resolved.

**IT IS FURTHER ORDERED** that if defendants wish to pursue the affirmative

defense of failure to exhaust administrative remedies, they shall file a notice with the Court within 14 days along with a brief on *Perttu* and the possibility of intertwinement in this case.  Plaintiff may file a response within 14 days.

**IT IS FINALLY ORDERED** that if defendants choose to waive the issue of exhaustion, they shall file a notice withdrawing that affirmative defense within 14 days. If defendants waive, the matter is fully briefed, and no further briefing is allowed without leave of court.

**SO ORDERED** this 5th day of December, 2025.


STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE