UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JEFFERY L. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00201-SNLJ |
| | ) |
| JOSEPH T. HERNANDEZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court to determine whether the issue of exhaustion of administrative remedies must be submitted to a jury or may be resolved by the Court following an evidentiary hearing.  For the reasons set forth below, the Court concludes that a jury trial is not required.

**I.  BACKGROUND**

Plaintiff Jeffery Anderson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 alleging that the Scott County Sheriff and Jail Administrator exhibited deliberate indifference to his serious medical needs while he was a pretrial detainee at the Scott County Jail in Benton, Missouri.  After discovery was completed, the defendants filed a motion for summary judgment based on the affirmative defenses of failure to exhaust administrative remedies and qualified immunity.  [Doc. 57].  A review of the briefing and evidence submitted with the motion revealed factual disputes that precluded summary judgment on the issue of exhaustion.  [Doc. 65].  The motion was denied on the issue of exhaustion, and a ruling on the issue of qualified immunity was deferred.  [*Id.*].

In light of the Supreme Court's decision in *Perttu v. Richards*, 605 U.S. 460 (2025), the Court directed the parties to submit briefs on whether the factual disputes regarding exhaustion should be resolved by a jury or determined by the Court following an evidentiary hearing. Defendants argue that the factual disputes regarding exhaustion are not intertwined with the merits and can be resolved by the Court. Their primary argument, however, focuses on the Court's authority to rule on the motion for summary judgment on the issue of qualified immunity without making a determination on exhaustion. Plaintiff did not respond, and the deadline to do so has passed.

## II. DISCUSSION

The Court initially addresses defendants' argument that it should dispense with the issue of exhaustion and proceed to rule on the issue of qualified immunity. [Doc. 66]. Defendants acknowledge that the Eighth Circuit has, on several occasions, held that a district court errs by adjudicating the merits without first determining whether a prisoner has exhausted administrative remedies. [*Id.*]. They claim, however, that these decisions do not constitute binding precedent, as they fall into two categories: (1) cases that do not directly address the order of considering exhaustion and the merits; and (2) unpublished cases. [*Id.* at 5].

Although unpublished opinions do not *establish* binding precedent, *see* Eighth Circuit Rule 32.1A, the Eighth Circuit's recognition of its own circuit precedent in unpublished cases is authoritative and binding on this Court. In *Benjamin v. Ward County*, the Eighth Circuit vacated a judgment on the merits and remanded the case for the district court to determine whether the plaintiff had exhausted administrative

2

remedies.  632 F.App'x 301, 302 (2016).  The Court acknowledged "the inefficiency of remanding a case already resolved on the merits for an evidentiary hearing on exhaustion" but concluded it was "bound by [its] own precedent to do so." *Id.* at 301. Similarly, in *Pinder v. McDowell*, the Eighth Circuit held that "circuit precedent requires us to vacate that portion of the district court's judgment [on the merits] and remand the case for a ruling" on whether the plaintiff exhausted available administrative remedies. 714 F.App'x 612, 613 (2018).

Next, defendants argue that the *Perttu* court recognized a district court's discretion to consider the merits of claims before addressing exhaustion.  In support, they cite the following statement from *Perttu*:

> As we said in *Woodford*, PLRA exhaustion is not jurisdictional, which is why a district court [is allowed] to dismiss plainly meritless claims without first addressing the often more complex question of exhaustion.

*Perttu*, 605 U.S. at 469 (quoting *Woodford v. Ngo*, 548 U.S. 81, 101 (2006) (cleaned up)). It is clear, however, that the *Woodford* court was referring to the dismissal of claims allowed during the initial screening of prisoner complaints required by the PLRA. Specifically, § 1997e(c)(2) provides:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

The cited statement from *Perttu* and *Woodford* has no relevance at the summary judgment stage, nor does it supersede the Eighth Circuit precedent discussed *supra*.

3

Based on the foregoing, the Court concludes that binding Eighth Circuit precedent requires a ruling on the affirmative defense of failure to exhaust administrative remedies prior to addressing the merits. The Court must now determine whether the issue of exhaustion of administrative remedies is a question for the jury or if it can be resolved by the Court after an evidentiary hearing.

In *Perttu*, the Supreme Court held that the issue of exhaustion must be determined by a jury if the contested facts on exhaustion are "intertwined" with contested facts on the merits. There, the defendant was accused of acts of retaliation that involved the destruction of grievances regarding his own conduct. *Id.* at 464. Thus, the factual analysis about the availability of remedies was the same for the issues of exhaustion and the merits. As a result, the *Perttu* court held that a jury trial on the issue of exhaustion was required. *Id.* at 469.

For intertwinement to exist, resolution of the exhaustion issue must also resolve a genuine dispute of material fact regarding the merits of the plaintiff's substantive case. *Perttu*, 605 U.S. at 467-468. This is a fact-intensive inquiry.[1] On the issue of

---

[1] District courts have offered varying interpretations of intertwinement. Some courts have interpreted *Perttu* narrowly, applying it only if the complaint raises a First Amendment claim alleging a violation of an inmate's right to file a grievance, while others take a broader view. *See e.g., Lipscomb v. Connor*, 2025 WL 2105864 (S.D. Ill. July 28, 2025) (finding there was no intertwinement regarding access to the grievance process and plaintiff's claims regarding conduct during a strip search); *Marsh v. Reckert*, 2025 WL 1928608 (E.D. Mo. July 14, 2025) (finding no common issues regarding the exhaustion of administrative remedies and an excessive force claim); *Haynie v. Clarke*, 2025 WL 2017881 (W.D. Va. July 14, 2025) (holding the exhaustion and merits issues were intertwined "[b]ecause the defendants' treatment of [plaintiff] regarding the grievance process is central to [plaintiff's] claims, a ruling on exhaustion would require [the court] to make determinations about credibility and the merits of [plaintiff's] constitutional claims."); *Hill v. Tisch*, 2025 WL 1871142, at *7–8 (E.D.N.Y. July 7, 2025) (holding there was no intertwinement between the exhaustion issue and plaintiff's claims of

4

exhaustion, plaintiff testified that he was unaware of the existence of the grievance process and that, even if he had known about it, he would have been unable to file a grievance due to mental incapacity. [Doc. 59-1, Ex. A at 68:25-70:17, 69:17-22]. On the merits, plaintiff testified that he filed his lawsuit against the defendants solely on the basis of their supervisory roles as sheriff and jail administrator. [Doc. 59-1, Ex. A at 83:8-18, 126:12-23]. He admitted that he did not have any communication with the defendants during the relevant time, and there is no evidence that they had any knowledge or involvement in the alleged delay of his medication. [*Id.* at 70:18-71:8, 71:9–20; 80:6–81:10, 83:15-18; 110:6-15].

Considering the facts and issues before the Court, there is no intertwinement. It is evident that plaintiff's claim against the sheriff and jail administrator fails regardless of any finding on the availability of the grievance process. In other words, the resolution of the exhaustion issue will not impact the merits. As a result, the exhaustion issue may be resolved by the Court after an evidentiary hearing. The Court acknowledges the inefficiency of holding an evidentiary hearing on the exhaustion issue under the circumstances presented, but is bound by precedent to do so.

Finally, defendants request that this matter be certified for immediate appeal under 28 U.S.C. § 1292(b) if the Court finds it cannot rule on the qualified immunity issue without first making a determination on exhaustion. An order may be certified under

---

excessive force, failure to protect, and deliberate indifference to medical care); *Murphy v. Bailey*, 794 F.Supp.3d 556, 575 (C.D. Ill. 2025) (holding "that it is sufficient for exhaustion and merits issues to be intertwined when a fact-finder must make a credibility determination regarding the testimony of the plaintiff, a defendant, and the same non-party witnesses").

5

§ 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Motions to certify "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).  Because there is binding Eighth Circuit precedent, the Court finds no grounds to certify this matter for immediate appeal.  The request is, therefore, denied.

Accordingly,

**IT IS HEREBY ORDERED** that this matter will be scheduled for an evidentiary hearing on the issue of exhaustion by separate order.

**IT IS FURTHER ORDERED** that a ruling on the motion for summary judgment on qualified immunity continues to be **DEFERRED** until the issue of exhaustion is resolved.

**IT IS FURTHER ORDERED** that the request for certification for immediate appeal under 28 U.S.C. § 1292(b) is **DENIED**.

**SO ORDERED** this 17th day of February, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE