UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JEFFERY L. ANDERSON,    )
            )
    Plaintiff,    )
            )
v.           )  Case No. 1:23-cv-00201-SNLJ
            )
JOSEPH T. HERNANDEZ, *et al.*,  )
            )
    Defendants.   )

## **MEMORANDUM AND ORDER**

Plaintiff Jeffery Anderson, proceeding *pro se*, filed this civil rights lawsuit under

42 U.S.C. § 1983 alleging that the Scott County Sheriff and Jail Administrator exhibited

deliberate indifference to his serious medical needs while he was a pretrial detainee at the

Scott County Jail in Benton, Missouri.  This matter is now before the Court on

defendants' motion for summary judgment on the affirmative defense of qualified

immunity.  [Doc. 57].  For the reasons set forth below, the motion is granted.

### **I.  PROCEDURAL BACKGROUND**

Following screening of plaintiff's complaint under 28 U.S.C. § 1915A, he is

proceeding on a claim that defendants Wes Drury and Amy Johnson were deliberately

indifferent to his serious medical needs by delaying the administration of his

psychotropic medication from February 4 to February 19, 2019.  [Docs. 1, 9].  After

discovery was completed, defendants filed a motion for summary judgment based on the

affirmative defenses of failure to exhaust administrative remedies and qualified

immunity.  [Doc. 57].  A review of the briefing and evidence submitted with the motion

revealed factual disputes that precluded summary judgment on the issue of exhaustion. [Doc. 65].  The motion was denied on the issue of exhaustion, and a ruling on the issue of qualified immunity was deferred.  [*Id*.].

On March 17, 2026, the parties appeared before the Court for an evidentiary hearing.  At that time, defendants withdrew the affirmative defense of failure to exhaust administrative remedies.  As a result, the Court can now proceed to rule on the motion for summary judgment based on qualified immunity.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, the court must view "the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party."  *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986) (cleaned up).  The burden then shifts to the nonmoving

2

party to "present specific evidence, beyond mere denials or allegations that raise a genuine issue for trial." *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (cleaned up). In asserting a factual dispute, the nonmoving party "must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1). Similarly, Local Rule 4.01 requires:

> Every memorandum in opposition must be accompanied by a document titled Response to Statement of Material Facts, which must be separately filed using the filing event "Response to Statement of Material Facts." The Response must set forth each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts. All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

### III. STATEMENT OF FACTS

Defendants filed a statement of facts that complies with Rule 56 and Local Rule 4.01. [Doc. 59]. Plaintiff, however, did not respond to defendants' statement of facts. [Doc. 61]. Plaintiff's status as a *pro se* litigant does not excuse him from complying with the Federal Rules of Civil Procedure and this Court's local rules. *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001). The Court has carefully examined defendants' evidence[1] and confirmed that their statements of fact have evidentiary support. Because plaintiff failed

---

[1] Defendants supported their statement of uncontroverted material facts with excerpts from plaintiff's deposition [Ex. A at Doc. 59-1].

to respond to defendants' statement of facts, the following facts are deemed admitted.

Plaintiff did not have personal knowledge regarding what Amy Johnson or Sheriff Wes Drury did or did not do with respect to the alleged delay of medication. [Doc. 59 at ¶ 9].

Plaintiff received the disputed medication on or after February 19, 2019. [*Id.* at ¶ 10].

Plaintiff did not see any doctor who could diagnose him or otherwise give an opinion with respect to whether there was any detrimental effect to his health based on his complaint that he did not receive the medications. [*Id*. at ¶ 11].

Plaintiff filed this lawsuit against the defendants ***solely*** because of their supervisory roles as sheriff and jail administrator. [Doc. 59-1, Ex. A at 83:8-18, 126:12-23].

Plaintiff did not communicate with either defendant during the relevant time. [*Id.* at 70:18-71:8, 71:9–20; 110:6-15].

Plaintiff is unaware of any personal knowledge or involvement by defendants in the alleged delay of his medication. [*Id.* at 80:6–81:10, 83:15-18].

In his response to defendants' motion, plaintiff states that he asked for help with his psychiatric issues, but the "people responsible" failed to ensure that he received his medication. [Doc. 61].

## IV. DISCUSSION

Defendants argue they are entitled to summary judgment on the affirmative defense of qualified immunity. The availability of qualified immunity depends on the answer to two questions: (1) did the defendant violate a constitutional right, and (2) was the right clearly established at the time of the challenged conduct. *Dean v. Bearden*, 79 F.4th 986, 988 (8th Cir. 2023). "Unless both of these questions are answered affirmatively, [a defendant] is entitled to qualified immunity." *Burns v. Cole*, 18 F.4th

4

1003, 1007 (8th Cir. 2021).  Here, defendants focus on the first question, arguing that (1) plaintiff cannot establish that they were involved in the alleged delay in administering his psychotropic medication, and (2) plaintiff has not produced verifiable medical evidence showing a detrimental effect resulting from the purported delay.  [Docs. 57, 58].

A claim under § 1983 requires proof that each defendant "personally violated the plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights").  "[A] general responsibility for supervising the operations of a prison [or jail] is insufficient to establish the personal involvement required to support liability" under § 1983.  *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).  Instead, plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Jones v. City of St. Louis*, 104 F.4th 1043, 1050 (8th Cir. 2024).

"In the section 1983 context, supervisor liability is limited." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).  "[A] supervisor incurs liability for [a constitutional violation] when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." *Boyd*, 47 F.3d at 968.  "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see." *Id.*

Plaintiff testified that he filed this lawsuit against the defendants ***solely*** because of their supervisory roles as sheriff and jail administrator.  [Doc. 59-1, Ex. A at 83:8-18,

5

126:12-23].  He testified that he did not communicate with either defendant during the relevant time.  [*Id.* at 70:18-71:8, 71:9–20; 110:6-15].  Further, he testified that he was unaware of any personal knowledge or involvement by defendants in the alleged delay of his medication.  [*Id.* at 80:6–81:10, 83:15-18].  As a result, plaintiff cannot establish that defendants had knowledge of, or participated in, the alleged delay in administering his psychotropic medication.

Further, defendants argue that plaintiff cannot establish a constitutional violation because he has not produced verifiable medical evidence showing the alleged delay in administration of his psychotropic medication had a detrimental effect on his health.  To succeed on a Fourteenth Amendment deliberate indifference claim, a pretrial detainee "must demonstrate that [he] had an objectively serious medical need that the defendants knew of and yet deliberately disregarded."  *Smith v. Lisenbe*, 73 F.4th 596, 600 (8th Cir. 2023) (cleaned up).  When a deliberate indifference claim is based on an alleged delay in medical treatment, the plaintiff must "place verifying medical evidence in the record to show there was a detrimental effect caused by the delay."  *Cheeks v. Belmar*, 80 F.4th 872, 878 (8th Cir. 2023).  A failure to establish a detrimental effect precludes a claim of deliberate indifference.  *Id.*; *see also Hancock v. Arnott*, 39 F.4th 482, 487 (8th Cir. 2022) (concluding that the plaintiff's failure to establish the detrimental effect of the delay through medical evidence was fatal to his claim); *Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016) (finding that the plaintiff could not show deliberate indifference because he failed to provide verified medical evidence establishing the detrimental effect

of the delay in treatment).

Plaintiff conceded in his deposition that he did not consult any medical provider who could diagnose him or offer an opinion on whether missing his psychotropic medication for a period of fifteen days had any detrimental effect on his health.  As a result, he cannot establish that the alleged delay in administration of his psychotropic medication had a detrimental effect on his health.

Based on the foregoing, defendants are entitled to qualified immunity, and their motion for summary judgment is granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' affirmative defense of failure to exhaust administrative remedies is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment on the issue of qualified immunity is **GRANTED**.  A separate judgment will be entered.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

**SO ORDERED** this 17th day of March, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

7